# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IRENE RACKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 19-0189-WS-N |
| | ) |
| WHOLESALE HOME CENTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On April 15, 2019, the undersigned entered an Order (doc. 3) on preliminary docket review requiring the removing defendant, Regional Enterprises, LLC, to supplement its Notice of Removal (doc. 1) as to certain jurisdictional matters, and fixing a briefing schedule. Regional filed the requisite Supplement (doc. 5) on April 25, 2019, and plaintiff submitted a brief (doc. 8) on May 2, 2019 setting forth her position on the existence *vel non* of federal subject matter jurisdiction.

Plaintiff, Irene Rackley, filed a pleading styled "Demand for Arbitration" in the Circuit Court of Choctaw County, Alabama, naming three defendants (Wholesale Home Center; Regional Enterprises, LLC; and Cappaert Manufactured Housing, Inc.) involved in the manufacture, sale and/or installation of what Rackley claims to be her defective mobile home. Although styled as a "Demand for Arbitration" rather than a Complaint, Rackley's initiating pleading purported to set forth six causes of action, to-wit: fraud/misrepresentation that mobile home was free of defects and "top of the line;" fraud/misrepresentation that mobile home was new, free of defects and in excellent condition; negligent misrepresentation; breach of express and implied warranties; attorney's fees; and negligent transport/installation of mobile home. The pleading lacks a specific *ad damnum* clause, but concludes by stating, "Plaintiff hereby demands a hearing pursuant under [*sic*] Cappaert Manufactured Housing Inc.'s binding arbitration clause.' (Doc. 1-1, at 6.)

Defendant Regional filed a Notice of Removal removing this action to federal court on April 12, 2019. To meet its burden of establishing federal removal jurisdiction, Regional invoked the diversity provisions of 28 U.S.C. § 1332. "For federal diversity jurisdiction to attach, all parties must be completely diverse … and the amount in controversy must exceed $75,000." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). Because the Notice of Removal did not make an adequate showing as to either the diversity of citizenship or amount in controversy prerequisites for § 1332 jurisdiction, the Court entered the April 15 Order to require supplementation by Regional. Defendant's ensuing Supplement (doc. 5) sufficiently demonstrates that complete diversity of citizenship exists between plaintiff and the named defendants by, among other things, properly documenting the citizenship of the members of the LLC defendant and contrasting plaintiff's citizenship. Accordingly, there is no need to linger on the citizenship aspect of § 1332.

Amount in controversy is an altogether different matter. In the Notice of Removal, Regional reasoned as follows: "[T]he base price of the unit purchased was $94,900.00 …. Therefore, … the value sought by Plaintiff Rackley in damages is in excess of $75,000" because Rackley is "expressly seeking damages for the value of the unit in question." (Doc. 1, at 3.) The trouble with this analysis is that the "Demand for Arbitration" lacked any demand for damages at all. Nowhere in that document did Rackley plead that she sought damages for the full purchase price of the mobile home. Nowhere in that document did she allege that the mobile home she purchased was rendered worthless or devoid of all value to her because of defendants' misrepresentations, negligence and breach of warranties. Rather, the removing defendant simply speculated that the value of Rackley's claims could somehow be equated to the purchase price of the mobile home itself. Such reasoning is unpersuasive.

Nor does Regional materially improve its position in the Supplement, where it advances four additional arguments. First, Regional correctly cites authority for the proposition that district courts are permitted to rely on judicial experience and common sense in determining whether Rackley's claims exceed the jurisdictional threshold. *See, e.g., Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010) ("[W]hen a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate."). However, nowhere in Rackley's initial pleading or the evidence

submitted by Regional are there facts that would enable the Court, in exercising its judicial experience and common sense, to conclude that Regional has proven by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000. There is simply no reasonable, factual basis for tethering any damages sought by Rackley to the total value of the mobile home.

Second, Regional relies on a truncated excerpt from the Demand for Arbitration in which Rackley alleged that "the plaintiff was damaged in that she lost the value, use and enjoyment of said mobile home." (Doc. 1-1, at 6 ¶ 25.) The Court does not read this language as alleging that Rackley lost <u>all</u> value, use and enjoyment of the mobile home, only that such value, use and enjoyment were impaired to an as-yet-unspecified degree. Defendant's suggestion that Paragraph 25 of the Demand for Arbitration means that Rackley is claiming damages for the full value of the mobile home is undermined by the text immediately preceding defendant's quoted language, where Rackley alleges that "the mobile home was structurally damaged and ***rendered less valuable,***" as opposed to "worthless." (Doc. 1-1, at 6 ¶ 25 (emphasis added).)[1] Significantly, Rackley did not plead that the mobile home was rendered completely devoid of value, only that it was rendered <u>less</u> valuable to an unspecified degree. Regional essentially guesses that the degree of loss of value to the mobile home exceeds $75,000. To accept defendant's argument, the Court would have to speculate that Rackley is claiming that the impairment of the mobile home's value exceeds the jurisdictional minimum of $75,000. This the Court cannot do. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) ("If [the defendant's] evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.") (citation omitted).

---

[1] Similarly ambiguous statements as to the severity of the claimed reduction in value of the mobile home are found elsewhere in the Demand for Arbitration. For example, paragraph 9 of the pleading simply says the mobile home is "less valuable" than it was represented to be. (Doc. 1-1, at 4 ¶ 9.) Paragraph 17 alleges that "the Plaintiff was caused to accept a mobile home of less value than it should have been." (*Id.* at 5 ¶ 17.) Such statements are difficult to reconcile with defendant's insistence that Rackley must be claiming the full purchase price of the mobile home as damages.

Third, Regional points to the inclusion of mental anguish damages and punitive damages as evidence that the amount in controversy exceeds $75,000. To be sure, the Demand for Arbitration does allege that Rackley has suffered mental anguish; however, it says nothing about the degree, severity or particulars of same. While mental anguish damages are properly considered for amount-in-controversy purposes, the amount of such damages varies widely depending on the circumstances. We cannot assume that Rackley's mental anguish damages may reach the hundreds of thousands of dollars simply because defendant cites other mobile home cases in which mental anguish damages of that magnitude have been awarded. Here the initial pleading is devoid of details as to the relevant circumstances; therefore, any attempt to meet the § 1332 jurisdictional threshold from the meager allegations of the Demand for Arbitration by analogizing to damages awards in other cases or estimating Rackley's potential mental anguish damages would be an improper exercise in speculation. *See, e.g., Crocker v. Lifesouth Community Blood Centers, Inc.*, 2016 WL 740296, *4 (S.D. Ala. Feb. 23, 2016) ("Plaintiff's allegations of mental anguish and emotional distress are too vague, too speculative to support a judicial determination that Crocker's claims surpass the jurisdictional threshold."); *Arrington v. State Farm Ins. Co.*, 2014 WL 2961104, *6 (M.D. Ala. July 1, 2014) ("In the court's 'judicial experience,' mental anguish and emotional distress damages in cases such as this vary widely depending on the circumstances, and even very similar circumstances may affect different plaintiffs in different ways.").

As for punitive damages, Rackley's Demand for Arbitration does not expressly demand them.[2] Even if it did, the law is well settled that requests for punitive damages do not automatically vault the amount in controversy above the $75,000 threshold. *See, e.g., Thompson v. Ortensie*, 2017 WL 4772741, *3 (S.D. Ala. Oct. 23, 2017) ("[P]laintiff's claim for punitive damages is properly considered in the evaluation of whether defendants have shown that the amount in controversy exceeds $75,000. But there is nothing talismanic about such a demand that would *per se* satisfy the amount-in-controversy requirement and trigger federal subject-matter jurisdiction.") (citation omitted); *Vanterpool v. Amazon.com.Dedc, LLC*, 2017 WL

---

[2] Defendant references "Plaintiff's demand for mental anguish and punitive damages" (doc. 5, at 5), but identifies no language in her initial pleading that invokes punitive damages or claims entitlement to same.

2609551, *3 (M.D. Fla. June 16, 2017) ("a mere request for punitive damages … does not merit a finding that the amount in controversy has been met"). Thus, even if Rackley had demanded punitive damages in her initial pleading, such a demand, without more, would not satisfy Regional's burden of proving the requisite amount in controversy for jurisdictional purposes.[3]

Fourth, Regional argues that the amount-in-controversy requirement is satisfied because "there is simply no evidence before the Court that the amount-in-controversy would not be satisfied should Plaintiff prevail on any of her claims." (Doc. 5, at 5.) This premise would flip the applicable burden of proof on its head. As the party invoking federal jurisdiction, Regional bears the burden of satisfying the requirements of § 1332, including the requisite amount in controversy, by a preponderance of the evidence. *See Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014) ("We have repeatedly held that the removing party bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum."). The necessary jurisdictional showing is either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Roe*, 613 F.3d at 1061. Regional's mere assertion that there is no evidence that the amount in controversy is <u>not</u> satisfied cannot meet its jurisdictional burden.

For all of the foregoing reasons, the Court concludes that the removing defendant has not met its burden of showing that the § 1332 amount-in-controversy requirement is satisfied. It is not facially apparent from Rackley's Demand for Arbitration that the amount in controversy exceeds $75,000. Moreover, defendant has pointed to no additional evidence showing that removal is proper. On this record, Regional has not demonstrated that it is more likely than not that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Accordingly, and in light of the legal requirements that diversity jurisdiction be strictly construed and that all doubts be resolved in favor of remand, the Court concludes that removal was

---

[3] Defendant hypothesizes that "the only logical reading of Plaintiff's demand for mental anguish and punitive damages is that Plaintiff believes the subject home is 'virtually uninhabitable.'" (Doc. 5, at 5.) However, Rackley's Demand for Arbitration contains no such factual allegation. The Court declines to engage in conjecture and guesswork, much less to put words in plaintiff's mouth that she is proceeding on an unspoken theory that her mobile home is "virtually uninhabitable."

improvident. This action is **REMANDED** to the Circuit Court of Choctaw County, Alabama, for want of federal jurisdiction.

DONE and ORDERED this 13th day of May, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE